UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TORREY BROWN** | **CIVIL ACTION** |
| **VERSUS** | **NO. 15-7083** |
| **ROBERT TANNER, WARDEN** | **SECTION: "G"(5)** |

## REPORT AND RECOMMENDATION

This matter was referred to the undersigned United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), and as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing. *See* 28 U.S.C. § 2254(e)(2). For the following reasons, **IT IS RECOMMENDED** that the petition for *habeas corpus* relief be **DISMISSED WITH PREJUDICE** as untimely.

### Procedural History

Petitioner, Torrey Brown, is a convicted inmate currently incarcerated at the B.B. (Sixty) Rayburn Correctional Center in Angie, Louisiana. In 2008, he was charged by bill of information with two counts of attempted first-degree robbery (Counts 1 and 2), one count of first-degree robbery (Count 3), and one count of carjacking (Count 4).[1] On May 7, 2009,

---

[1] State Rec., Vol. 1 of 10, Bill of Information.

following a three-day trial, a jury found him guilty as charged on Counts 1, 2 and 4, and guilty of the lesser charge of simple robbery on Count 3.[2] On May 12, 2009, the State filed a multiple bill of information. On June 17, 2009, Brown was sentenced to 10 years imprisonment at hard labor on counts 1 and 4, and five years imprisonment at hard labor on Counts 2 and 3, with Counts 1, 2 and 4 to be served without benefit of probation, parole or suspension of sentence.[3] Following a multiple-offender adjudication held August 28, 2009, his original sentence on Count 4 was vacated, and he was resentenced as a third-felony offender to 20 years imprisonment without benefit of probation, parole or suspension of sentence.[4]

On direct appeal, Brown asserted through counsel that the evidence was insufficient to convict him on Counts 1 and 3. By *pro se* assignment, he also challenged the application of the multiple-offender statute (*i.e.*, constitutionality of the habitual-offender statute and ineffective assistance of counsel). On June 29, 2011, the Louisiana Fifth Circuit Court of Appeal rejected the sufficiency arguments and pretermitted the *pro se* assignments relating to the habitual-offender sentencing because it found a patent error in the habitual-offender sentencing that required correction. The court of appeal issued a judgment affirming in

---

[2] State Rec., Vol. 1 of 10, Minute Entry, 5/7/09; *see also* State Rec., Vol. 7 of 10, Trial Transcript (5/7/09), pp. 204-05.

[3] State Rec., Vol. 1 of 10, Minute Entry, 6/17/09; *see also* State Rec., Vol. 7 of 10, Transcript of Sentencing.

[4] State Rec., Vol. 10 of 10, Transcript of Multiple Offender Hearing.

2

part, reversing in part and vacating in part as to the multiple-offender sentence, and remanding the case to the trial court for further proceedings consistent with the opinion.[5] The State sought relief from that ruling with the Louisiana Supreme Court. On February 10, 2012, the Louisiana Supreme Court granted relief, reinstated the multiple-offender sentence and remanded to the court of appeal for consideration of the remaining assignments of error that had been pretermitted on original appeal.[6] On July 31, 2012, the Louisiana Fifth Circuit on remand reviewed the remaining claims for relief and affirmed the convictions and sentences.[7] Brown did not seek further review with the Louisiana Supreme Court. Consequently, his state court convictions and sentences became final 30 days later on August 30, 2012.

About 14 months later, on October 25, 2013, Brown filed an application for post-conviction relief with the state district court.[8] In that application, he asserted a violation of due process and equal protection based on missing trial transcripts and the denial of

---

[5] *State v. Brown*, 10-KA-238 (La. App. 5 Cir. 6/29/11), 71 So.3d 1069; State Rec., Vol. 7 of 10.

[6] *State v. Brown*, 2011-KH-1656 (La. 2/10/11), 82 So.3d 1232; State Rec., Vol. 7 of 10.

[7] *State v. Brown*, 2010-KA-238 (La. App. 5 Cir. 7/31/12), 99 So.3d 684; State Rec., Vol. 1 of 10.

[8] State Rec., Vol. 1 of 10, Uniform Application for Post-Conviction Relief signed October 25, 2013. Presumably, he could not have delivered the application to prison authorities for mailing any earlier than the date he signed the application. *See Causey v. Cain*, 450 F.3d 601, 604-05 (5th Cir. 2006) (applying the "mailbox rule" that a *pro se* document is considered "filed" when it is delivered to prison officials for mailing).

effective assistance of appellate counsel and trial counsel. He also noted his intent to supplement the application. On December 19, 2013, the state district court rendered judgment denying relief, stating "[p]etitioner does not include a memorandum of [sic] including any pertinent law, or any detailed explanation of claimed constitutional violations. Furthermore, and most significantly, defendant has not presented any details, examples, or evidence to support any of these claims."[9] On January 22, 2014, Brown requested reconsideration of that ruling, which was denied by order signed March 14, 2014.[10] Meanwhile, Brown sought and was granted time to file a supervisory writ application with the court of appeal. On or about March 12, 2014, Brown filed his writ application challenging the judgment denying post-conviction relief and requesting a remand in order to supplement his post-conviction relief application. The court of appeal granted relief, vacated the district court's denial of post-conviction relief and remanded the matter to the district court to allow Brown 30 days to file a supplemental application.[11]

On or about June 2, 2014, Brown filed a supplemental memorandum in support of his application for post-conviction relief in which he presented eight claims for relief. His first three claims alleged ineffective assistance of appellate counsel with respect to an incomplete

---

[9] State Rec., Vol. 1 of 10, Order denying PCR signed December 19, 2013.

[10] State Rec., Vol. 1 of 10, Order denying Motion to Reconsider Judgment on Post-Conviction.

[11] State Rec., Vol. 8 of 10; *State v. Brown*, 14-KH-176 (La. App. 5 Cir. Apr. 30, 2014) (Liljeberg, J. dissenting) (unpublished writ ruling).

4

record on appeal. The remaining five claims alleged ineffective assistance of trial counsel. On August 5, 2014, the district court denied his claim of ineffective assistance of counsel during habitual-offender proceedings as not cognizable, citing *Melinie v. State*, 665 So.2d 1172 (La. 1/12/96), and ordered the State to address the remaining claims for relief. On September 10, 2014, newly enrolled counsel filed a notice of intent on behalf of Brown to seek supervisory writs from the August 2014 order denying relief. On October 7, 2014, Brown filed a counseled writ application with the court of appeal. The court of appeal denied relief on November 3, 2014.[12] On December 8, 2014, the state district court denied the remaining post-conviction claims.[13] On February 2, 2015, Brown filed a counseled supervisory writ application with the court of appeal challenging the December 2014 district-court order denying relief. The court of appeal denied relief on March 25, 2015.[14] On April 27, 2015, counsel on Brown's behalf filed a related writ application with the Louisiana Supreme Court. That application was denied on October 2, 2015.[15]

On December 21, 2015, Brown filed his federal application for *habeas corpus* relief.[16]

---

[12] State Rec., Vol. 8 of 10; Louisiana Fifth Circuit Writ Application No. 14-KH-782; *State v. Brown*, 14-KH-782 (La. App. 5 Cir. Nov. 3, 2014) (unpublished writ ruling).

[13] State Rec., Vol. 2 of 10, State District Court Order denying supplemental PCR signed December 8, 2014.

[14] State Rec., Vol. 8 of 10; Louisiana Fifth Circuit Writ Application No. 15-KH-106; State v. Brown, 15-KH-106 (La. App. 5 Cir. March 25, 2015).

[15] *State v. State*, 2015-KP-0820 (La. 10/2/15), 175 So.3d 957. State Rec., Vol. 2 of 10.

[16] Rec. Doc. 4, Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus. "A prisoner's

In that petition, Brown raises the following grounds for relief:

(1) Appellate counsel rendered prejudicially ineffective assistance by submitting the appellate brief without ensuring petitioner had a complete trial transcript to perfect his *pro se* supplement;

(2) Appellate counsel rendered prejudicially ineffective assistance by submitting his appellate brief without having access to the entire record of the trial, in derogation of the petitioner's rights under Louisiana Constitution, Article 1, §19;

(3) Trial counsel rendered prejudicially ineffective assistance by failing to submit necessary objections to general venire composition practices which violated the petitioner's Sixth and Fourteenth Amendment rights under the United States Constitution to a panel of prospective jurors that reflect a fair cross-section of African-American venire persons in Jefferson Parish;

(4) Trial counsel rendered prejudicially ineffective assistance at the October 2, 2008 hearing on his motion to suppress identification and preliminary examination by failing to request suppression of witnesses' in-hearing identifications due to witnesses observing the petitioner identify himself to

---

habeas application is considered 'filed' when delivered to the prison authorities for mailing to the district court." *Roberts v. Cockrell*, 319 F.3d 690, 691 n. 2 (5th Cir. 2003). Petitioner signed his federal application on December 21, 2015. Therefore, his application could not have been placed in the prison mailing system any earlier than that date.

6

the State's attorney before the hearing began;

(5) Counsel rendered prejudicially ineffective assistance at the multiple-bill hearing by essentially waiving the petitioner's due-process right to put forth favorable evidence (in the form of expert testimony) to establish innocence;

(6) Trial counsel rendered prejudicially ineffective assistance by failing to file a motion to quash count one of the petitioner's 4/14/08 bill of information, as it fails to charge an offense;

(7) Trial counsel's representation was presumptively prejudicial under *U.S. v. Cronic* because counsel did not have time to acquaint himself with the petitioner's case or structure a defense to the charge; and

(8) The evidence was insufficient to convict the petitioner on counts one and three of the bill of information.

The State argues that the federal application should be dismissed with prejudice as untimely. Brown counters in his traverse that his petition was filed timely by his calculations, and alternatively, that equitable tolling applies.

## Analysis

Initially, the Court must determine whether the petition is timely and whether the claims raised by the petitioner were adjudicated on the merits in state court, *i.e.*, the petitioner must have exhausted state-court remedies and the claims must not be in "procedural default." *Nobles v. Johnson*, 127 F.3d 409, 419–20 (5th Cir.1997) (citing 28

U.S.C. § 2254(b),(c)). For the following reasons, the Court agrees with the State and recommends dismissal of Brown's application for relief as untimely.

A. *Statute of Limitations*

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, governs the filing date for this action because Brown filed his *habeas* petition after the AEDPA's effective date. *Lindh v. Murphy*, 521 U.S. 320, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997). The AEDPA generally requires that a petitioner bring his Section 2254 claims within one year of the date on which his underlying criminal judgment becomes "final."[17] With regard to finality, the United States Fifth Circuit Court of Appeals has

---

[17] Title 28 U.S.C. § 2244(d) provides additional grounds, which do not apply here:

(1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

    A. the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
    B. the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
    C. the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    D. the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

explained:

> The statute of limitations for bringing a federal habeas petition challenging a state conviction begins to run on "the date on which the [state] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). When a habeas petitioner has pursued relief on direct appeal through his state's highest court, his conviction becomes final ninety days after the highest court's judgment is entered, upon the expiration of time for filing an application for writ of certiorari with the United States Supreme Court. *Roberts v. Cockrell*, 319 F.3d 690, 693 (5th Cir.2003). *However, "[i]f the defendant stops the appeal process before that point," … "the conviction becomes final when the time for seeking further direct review in the state court expires." Id. at 694; see also Foreman v. Dretke, 383 F.3d 336, 338 (5th Cir. 2004) (Section 2244(d)(1)(A) gives alternative routes for finalizing a conviction: either direct review is completed or the time to pursue direct review expires).*
>
> Although federal, not state, law determines when a judgment is final for federal habeas purposes, a necessary part of the finality inquiry is determining whether the petitioner is still able to seek further direct review. *See Foreman*, 383 F.3d at 338–39. As a result, this court looks to state law in determining how long a prisoner has to file a direct appeal. *See Causey v. Cain*, 450 F.3d 601, 606 (5th Cir. 2006); *Roberts*, 319 F.3d at 693.

*Butler v. Cain*, 533 F.3d 314, 317 (5th Cir. 2008) (emphasis added).

The Louisiana Fifth Circuit rendered a decision affirming Brown's convictions and sentences on July 31, 2012. Brown's convictions and sentences became final, for federal limitations purposes, thirty (30) days later on August 30, 2012, when he neither sought a rehearing nor filed a writ application with the Louisiana Supreme Court. *See* Louisiana Supreme Court Rule X, § 5(a).[18] Brown disputes this finality date. He maintains that he

---

[18] Louisiana Supreme Court Rule X, § 5(a) provides: "An application seeking to review a judgment of the court of appeal either after an appeal to that court, or after that court has granted relief on an application for supervisory writs (but not when the court has

9

should be credited ninety (90) days for the time applicable for discretionary review with the United States Supreme Court, rather than 30 days for additional, futile review with the Louisiana Supreme Court. Specifically, he contends he had the "right to proceed with his direct appeal litigation to the United States Supreme Court, at least with respect to the multiple offender sentencing issue that the Louisiana Supreme Court reinstated on February 10, 2012, thereby adding three months to the tolling period of his direct appeal (October 31, 2012) and bringing him within the one-year filing deadline of the AEDPA."[19] His logic, however, is flawed and legally unsustainable.

Brown clearly is not entitled to an additional 90 days for the simple reason that he failed to pursue relief on direct appeal through the state's highest court. Here, the State sought a writ from the original judgment by the court of appeal, and was granted relief by the Louisiana Supreme Court. The multiple-offender sentence was reinstated and the case remanded to the intermediate court. At no point did Brown challenge the judgment reinstating his sentence. Five months later, the court of appeal considered Brown's *pro se* assignments for the first time and affirmed his convictions and sentences. He chose not to pursue relief in the state's highest court, *i.e.*, the Louisiana Supreme Court, and therefore his time for seeking direct review expired once that 30-day period elapsed. *See Butler, supra*

---

merely granted an application for purposes of further consideration), or after a denial of an application, shall be made within thirty days of the mailing of the notice of the original judgment of the court of appeal...."

[19] Rec. Doc. 13, p. 5.

(citing *Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003) (an appeal is final when the state defendant does not timely proceed to the next available step in an appeal process)). The delay for seeking relief from the United States Supreme Court does not factor into the finality determination in this case.

Thus, under a plain reading of the federal statute of limitations, Brown had one year from finality within which to file his federal *habeas* petition, or a deadline of August 30, 2013. He did not file his federal *habeas* petition with this Court until December 21, 2015. His application must be dismissed as untimely, unless that deadline was extended through tolling.

B. *Statutory Tolling*

The Court finds no basis for statutory tolling in this case. The AEDPA expressly provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. §2244(d)(2). However, as the state-court record shows, Brown had no such applications pending before the state courts during the applicable one-year period. The one-year federal limitations period continued to run uninterrupted and expired on August 30, 2013. His state-court application for post-conviction relief was not filed until October 25, 2013, *after* the one-year federal limitations period had already expired, and therefore could not possibly afford him any tolling benefit. *See Madden v. Thaler*, 521 F. App'x 316, 320 (5th

Cir. 2013); *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000); *Magee v. Cain*, Civ. Action No. 99–3867, 2000 WL 1023423, at *4, *aff'd*, 253 F.3d 702 (5th Cir. 2001) (citing *Williams v. Cain*, Civ. Action No. 00–536, 2000 WL 863132, at *2 (E.D. La. June 27, 2000)). Simply put, once the federal limitations period expired, "[t]here was nothing to toll." *Butler v. Cain,* 533 F.3d at 318; *see also Lookingbill v. Cockrell*, 293 F.3d 256, 265 (5th Cir. 2002) (missing the AEDPA deadline by even a few days nevertheless renders a federal petition untimely). Because Brown had no state applications pending at any time during the one-year limitations period, he clearly is not entitled to any tolling credit pursuant to § 2244(d)(2).

C. *Equitable Tolling*

The United States Supreme Court has held that the AEDPA's statute of limitations is subject to equitable tolling. *Holland v. Florida*, 130 S.Ct. 2549, 2560 (2010). However, "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id*. at 2562 (internal quotation marks omitted); *see also Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998) (holding that the AEDPA's statute of limitations can be equitably tolled "in rare and exceptional circumstances"). A petitioner bears the burden of proof to establish entitlement to equitable tolling. *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002).

Brown has not shown that any type of extraordinary circumstance prevented him from filing his federal application timely within the one-year limitations period. Brown

advances two arguments in support of equitable tolling. First, he claims that he was not informed of the Louisiana Supreme Court decision issued February 10, 2012. Second, he claims he was prevented from filing an application for writ of certiorari with the Louisiana Supreme Court following the intermediate court judgment of July 31, 2012 due to "institutional matters," namely lack of legal assistance and materials. Neither of these grounds, however, entitle him to equitable tolling.

His "notice" argument is meritless. Brown was represented throughout direct appeal by appointed appellate counsel, Frank Sloan. The record reflects that Sloan represented him during the Louisiana Supreme Court writ proceedings initiated by the State. The record plainly demonstrates that Brown, through his appointed counsel, received notification of the Louisiana Supreme Court's decision.[20] In any event, Brown fails to explain how the alleged notification failure with respect to the Louisiana Supreme Court judgment of February 10, 2012, impacted his ability to pursue relief from the appellate court's July 31, 2012 judgment. He does not dispute that he received notice of the Louisiana Fifth Circuit's final decision affirming his convictions and sentences, and the record confirms that he was forwarded notice of that decision.[21]

Similarly, his argument that lack of legal materials and assistance prevented him from

---

[20] State Rec., Vol. 9 of 10, Louisiana Supreme Court letter from Clerk of Court to Judge Edwards with copies forwarded to counsel of record dated February 10, 2012.

[21] State Rec., Vol. 7 of 10, Louisiana Fifth Circuit Notice of Judgment and Certificate of Mailing for Judgment signed July 31, 2012.

filing an application for writ of certiorari with the Louisiana Supreme Court fails to support equitable tolling. Initially, the Court notes that his claimed "attempt" to file a writ of certiorari with the Louisiana Supreme Court contradicts his earlier position that he had no obligation to "again go to the Louisiana Supreme Court to argue that it reverse its position on the multiple offender sentencing decision it rendered on February 10, 2012 (pursuant to the State's certiorari application)." Thus, his allegations are not only self-serving, but also internally inconsistent. Furthermore, Brown's own allegations reflect that he was, in fact, provided "offender counsel and access to law books" during that 30-day period. His claim is that he was in restricted housing where such assistance and materials were not provided "*on a consistent basis*;" however, he offers no elaboration on this point or record evidence of that purported limitation.[22] There is nothing in the record to suggest that he was prevented from timely submitting a writ application to the Louisiana Supreme Court, much less a federal application within the applicable one-year time frame. Instead, his arguments strongly imply that he simply misconstrued the law and mistakenly thought he had a longer time frame in which to seek relief.[23] However, it is well-settled that mistake, ignorance of the law, and a prisoner's *pro se* status do not suffice to justify equitable tolling. *Johnson v. Quarterman*, 483 F.3d 278, 286 (5th Cir. 2007); *Cousin v. Lensing*, 310 F.3d 843,

---

[22] Rec. Doc. 13, pp. 7-8.

[23] State Rec., Vol. 1 of 10, Memorandum in support of PCR, p. 1 (Heading entitled "Reasoning").

849 (5th Cir. 2002); *Fierro v. Cockrell*, 294 F.3d 674, 682 (5th Cir. 2002); *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000); s*ee also Tate v. Parker*, 439 F. App'x 375 (5th Cir. 2011) ("The alleged extraordinary circumstances endured by Tate, such as ignorance of the law, lack of knowledge of filing deadlines, a claim of actual innocence, temporary denial of access to research materials or the law library, and inadequacies in the prison law library, are not sufficient to warrant equitable tolling").

Brown's petition was filed after the federal limitations period expired. He has not established any basis for statutory or equitable tolling in the instant case. Therefore, his federal *habeas corpus* petition should be dismissed with prejudice as untimely

## RECOMMENDATION

**IT IS RECOMMENDED** that Brown's application for federal *habeas corpus* relief be **DISMISSED WITH PREJUDICE** as untimely.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir.1996) (en banc).[24]

---

[24] *Douglass* referenced the previously applicable ten-day period for the filing of

15

New Orleans, Louisiana, this  17th  day of           April          , 2017.

                                               **MICHAEL B. NORTH**
                                        **UNITED STATES MAGISTRATE JUDGE**

---

objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.