**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **TORREY BROWN** | **CIVIL ACTION** |
| **VERSUS** | **NO. 15-7083** |
| **ROBERT TANNER, WARDEN** | **SECTION "G"(5)** |

## ORDER AND REASONS

Before the Court are Petitioner Torrey D. Brown's ("Petitioner") objections[1] to the Report and Recommendation of the United States Magistrate Judge assigned to the case.[2] Petitioner, a state prisoner incarcerated at the B.B. (Sixty) Rayburn Correctional Center in Angie, Louisiana, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254, arguing ineffective assistance of appellate counsel and trial counsel.[3] The Magistrate Judge found the petition untimely and recommended that the matter be dismissed with prejudice.[4] Petitioner objects to the Magistrate Judge's recommendation.[5] After reviewing the petition, the Magistrate Judge's Report and Recommendation, the objections, the record, and the applicable law, the Court overrules Petitioner's objections, adopts the Magistrate Judge's recommendation and dismisses this action with prejudice.

---

[1] Rec. Doc. 19.

[2] Rec. Doc. 18.

[3] Rec. Doc. 4.

[4] Rec. Doc. 18.

[5] Rec. Doc. 19.

1

# I. Background

### A.    *Factual Background*

On April 14, 2008, the State of Louisiana charged Petitioner by bill of information with two counts of attempted first-degree robbery (Counts 1 and 2), one count of first-degree robbery (Count 3), and one count of carjacking (Count 4).[6] On May 7, 2009, a jury in the Jefferson Parish 24th Judicial District Court found Petitioner guilty as charged on Counts 1, 2, and 4, and guilty of the lesser charge of simple robbery on Count 3.[7] On May 12, 2009, the State filed a multiple bill of information.[8] On June 17, 2009, Petitioner was sentenced to ten years of imprisonment on one attempted first-degree robbery conviction (Count 1) and the carjacking conviction (Count 4) to be served concurrently.[9] He was also sentenced to five years imprisonment on the second attempted first-degree robbery conviction (Count 2) and the first-degree robbery conviction (Count 3) to be served consecutive to each other and to the sentence imposed on Counts 1 and 4.[10] Counts 1, 2, and 4 were ordered to be served without benefit of probation, parole or suspension of sentence.[11] On August 28, 2009, Petitioner was adjudicated a multiple felony offender on the carjacking conviction and was resentenced to twenty years imprisonment without benefit of probation, parole or suspension of sentence.[12]

---

[6] State Rec., Vol. I of X, Bill of Information, Apr. 14, 2008.

[7] State Rec., Vol. I of X, Transcript, May 7, 2009; State Rec., Vol. VII of X, Minute Entry, May 7, 2009.

[8] State Rec., Vol. I of X, Transcript, May 12, 2009.

[9] State Rec., Vol. I of X, Transcript, June 17, 2009; State Rec., Vol. VII of X, Minute Entry, June 17, 2009.

[10] *Id.*

[11] *Id.*

[12] State Rec., Vol. X of X, Transcript, Aug. 28, 2009.

On direct appeal, Petitioner claimed through counsel that the evidence was insufficient to convict him on Counts 1 and 3.[13] Petitioner filed a *pro se* assignment challenging the application of the multiple-offender statute, contending that: (1) application of the habitual offender law provides an unconstitutional unilateral advantage to the prosecution; and (2) defense counsel was constitutionally ineffective during the habitual offender proceeding.[14] On June 29, 2011, the Louisiana Fifth Circuit Court of Appeal affirmed Petitioner's convictions and sentences with the exception of his multiple-offender adjudication and sentence, which the appellate court vacated.[15] The State sought relief from this ruling with the Louisiana Supreme Court, and on February 10, 2012, the Louisiana Supreme Court granted relief, reinstated the multiple-offender sentence and remanded the case to the Louisiana Fifth Circuit Court of Appeal for consideration of the remaining issues on appeal.[16] On July 31, 2012, the Louisiana Fifth Circuit Court of Appeal affirmed the convictions and sentences.[17] Petitioner did not seek review of this ruling before the Louisiana Supreme Court.

On October 25, 2013, Petitioner filed a *pro se* application for post-conviction relief with the state trial court claiming: (1) a violation of due process and equal protection based on missing trial transcripts; and (2) ineffective assistance of appellate counsel and trial counsel.[18]

---

[13] State Rec., Vol. VII of X, Motion to Suspend Briefing and Supplement Record on Appeal, Apr. 30, 2010.

[14] State Rec., Vol. VII of X, Supplemental Brief, Dec. 2, 2010.

[15] *State v. Brown*, 10-KA-238 (La. App. 5 Cir. 6/29/11); 71 So. 3d 1069; State Rec., Vol. VII of X.

[16] *State v. Brown*, 11-KH-1656 (La. 2/10/11); 82 So. 3d 1232; State Rec., Vol. VII of X.

[17] *State v. Brown*, 10-KA-238 (La. App. 5 Cir. 7/31/12); 99 So. 3d 684; State Rec. Vol. I of X.

[18] State Rec., Vol. I of X, Uniform Application for Post-Conviction Relief, signed Oct. 25, 2013.

Additionally, Petitioner noted his intent to supplement the application.[19] The state trial court denied this application on December 19, 2013, stating that Petitioner did not include a memorandum of pertinent law, an explanation of constitutional violations, or evidentiary support.[20] Petitioner requested reconsideration of the state trial court judgment on January 22, 2014.[21] The state trial court denied relief on March 14, 2014.[22] Meanwhile, on or about March 12, 2014, Petitioner filed a writ application challenging the judgment denying post-conviction relief and requesting a remand in order to supplement his post-conviction relief application.[23] On April 30, 2014, the Louisiana Fifth Circuit Court of Appeal granted relief, vacated the trial court's denial of post-conviction relief and remanded the matter to allow Petitioner thirty days to file a supplemental application.[24]

On or about June 2, 2014, Petitioner filed a supplemental memorandum in support of his application for post-conviction relief in which he presented eight claims for relief, claiming ineffective assistance of appellate counsel and trial counsel.[25] On August 5, 2014, the state trial court denied his claim of ineffective assistance of counsel as not cognizable and ordered the State

---

[19] State Rec., Vol. I of X, Memorandum Support of Law and Application for Post-Conviction Relief, Oct. 28, 2013.

[20] State Rec., Vol. I of X, Order Denying Post-Conviction Relief, Dec. 19, 2013.

[21] State Rec., Vol. I of X, Motion to Reconsider Judgment on Post-Conviction, Jan. 22, 2014.

[22] State Rec., Vol. I of X, Order Denying Motion to Reconsider Judgment on Post-Conviction, Mar. 14, 2014.

[23] State Rec., Vol. I of X, Application for Writs, Mar. 12, 2014.

[24] *State v. Brown*, 14-KH-176 (La. App. 5 Cir. 4/30/14) (Liljeberg, J. dissenting) (unpublished writ ruling); State Rec., Vol. VIII of X.

[25] State Rec., Vol. I of X, Supplemental Memorandum in Support of Application for Post-Conviction Relief, June 2, 2014.

to address the remaining claims for relief.[26] On September 10, 2014, counsel on behalf of Petitioner filed a notice of intent seeking supervisory writs from the August 5, 2014 order denying relief.[27] On October 7, 2014, Petitioner filed a writ application with the Louisiana Fifth Circuit Court of Appeal.[28] On November 3, 2014, the Louisiana Fifth Circuit Court of Appeal denied relief.[29]

On December 8, 2014, the state trial court denied the remaining post-conviction claims.[30] On February 9, 2015, Petitioner filed a supervisory writ application with the Louisiana Fifth Circuit Court of Appeal challenging the December 8, 2014 state trial court Order denying relief.[31] Petitioner's related writ application was denied by the Louisiana Fifth Circuit Court of Appeal on March 25, 2015,[32] and by the Louisiana Supreme Court on October 2, 2015.[33]

Petitioner filed this habeas petition on December 21, 2015.[34] The State filed a response, asserting that the petition should be dismissed as untimely.[35] On July 13, 2016, Petitioner filed a reply.[36]

---

[26] State Rec., Vol. I of X, Order on Supplemental Memorandum in Support of Application for Post-Conviction Relief, Aug. 5, 2014.

[27] State Rec., Vol. I of X, Notice of Intention to Apply for Supervisory Writs, Sept. 10, 2014.

[28] State Rec., Vol. VIII of X, Louisiana Fifth Circuit Writ Application No. 14-KH-782, Oct. 7, 2014.

[29] *State v. Brown*, 14-KH-782 (La. App. 5 Cir. 11/3/14) (unpublished writ ruling); State Rec., Vol. VIII of X.

[30] State Rec., Vol. II of X, State District Court Order Denying Supplemental PCR, signed Dec. 8, 2014.

[31] State Rec., Vol. VIII of X, Louisiana Fifth Circuit Writ Application No. 15-KH-106, Feb. 9, 2015.

[32] *State v. Brown*, 15-KH-106 (La. App. 5 Cir. 3/25/15); State Rec., Vol. VIII of X.

[33] *State v. Brown*, 15-KP-0820 (La. 10/2/15); 175 So. 3d 957; State Rec., Vol. II of X.

[34] Rec. Doc. 4.

[35] Rec. Doc. 12.

[36] Rec. Doc. 13.

## B. Report and Recommendation Findings

On April 17, 2017, the Magistrate Judge recommended that the petition be dismissed with prejudice as untimely.[37] The Magistrate Judge found that Petitioner failed to file his petition within the time required by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Subsection A.[38]

The Magistrate Judge noted that under Subsection A of the AEDPA, a petitioner must file a habeas corpus petition within one year of the date his conviction became final.[39] The Magistrate Judge determined that Petitioner's conviction became final on August 30, 2012, thirty days after the Louisiana Fifth Circuit affirmed his convictions and sentences.[40] As such, Petitioner was required to file his federal habeas corpus petition by August 30, 2013, unless the statute of limitations was extended through tolling.[41]

The Magistrate Judge rejected Petitioner's contention that his conviction became final ninety days after the Louisiana Fifth Circuit Court of Appeal denied relief.[42] The Magistrate Judge determined that Petitioner failed to pursue relief on direct appeal through Louisiana's highest court.[43] The Magistrate Judge noted that the State sought a writ from the Louisiana Fifth Circuit Court of Appeal's original ruling, and the Louisiana Supreme Court reinstated the multiple-offender sentence and remanded the case to the court of appeals on February 10, 2012, for

---

[37] Rec. Doc. 18 at 1.

[38] *Id*. at 11.

[39] *Id*. at 8.

[40] *Id*. at 9; *see* Louisiana Supreme Court Rule X, § 5(a).

[41] Rec. Doc. 18 at 11.

[42] *Id*. at 10.

[43] *Id*.

consideration of the remaining assignments of error that had been pretermitted on original appeal.[44]

Petitioner did not challenge the judgment reinstating his sentence, nor did he choose to pursue relief in the state's highest court when the Louisiana Fifth Circuit Court of Appeal considered his *pro se* assignments on July 31, 2012.[45] The Magistrate Judge determined that if Petitioner stops the appeal process before pursuing relief on direct appeal through his state's highest court, then "the conviction becomes final when the time for seeking further direct review in the state court expires."[46] Because Petitioner himself did not pursue relief on direct appeal through the state's highest court, the Magistrate Judge determined that Petitioner was not entitled to seek review before the United States Supreme Court.[47] Therefore, the Magistrate Judge found Petitioner had one year from the finality of the state conviction within which to file his federal habeas petition, or a deadline of August 30, 2013.[48]

The Magistrate Judge determined that Petitioner was not entitled to statutory tolling under 28 U.S.C. § 2244(d)(2), which establishes that "the time during which a properly filed application for State post-conviction relief or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."[49] Petitioner had no such applications pending before the state courts during the applicable federal

---

[44] *State v. Brown*, 11-KH-1656 (La. 2/10/12); 82 So. 3d 1232; State Rec., Vol. VII of X; State Rec., Vol. IX of X.

[45] *State v. Brown*, 10-KA-238 (La. App. 5 Cir. 7/31/12); 99 So. 3d 684; State Rec., Vol. VII of X.

[46] Rec. Doc. 18 at 9 (citing *Butler v. Cain*, 533 F.3d 314, 317 (5th Cir. 2008)).

[47] *Id*. at 10.

[48] *Id*. at 11.

[49] *Id*. (quoting 28 U.S.C. § 2244(d)(2)).

limitations one-year period.[50] Petitioner did not file his state court application for post-conviction relief until October 25, 2013, after the expiration of the one-year federal limitations period.[51] Therefore, the Magistrate Judge found that Petitioner was not entitled to statutory tolling pursuant to 28 U.S.C. § 2244(d)(2).[52]

The Magistrate Judge noted that the Supreme Court has held that the statute of limitations may be equitably tolled where the Petitioner "shows (1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstance stood in his way and prevented timely filing."[53] The Magistrate Judge found that Petitioner was not entitled to equitable tolling because he had not shown "any type of extraordinary circumstance prevented him from filing his federal application timely within the one-year limitations period."[54]

The Magistrate Judge noted that Petitioner raised two arguments supporting equitable tolling: (1) that he was not informed of the Louisiana Supreme Court decision issued February 10, 2012; and (2) that "institutional matters," namely lack of legal assistance and materials, prevented him from filing an application for writ of certiorari with the Louisiana Supreme Court following the judgment on July 31, 2012.[55] The Magistrate Judge determined that Petitioner's first claim was meritless because Petitioner received notice of the February 10, 2012 decision through appointed counsel.[56] The record demonstrated that Frank Sloan, who represented the Petitioner during the

---

[50] *Id.*

[51] *Id.*

[52] *Id.* at 12.

[53] *Id.* (citing *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010) (internal quotations marks omitted)).

[54] *Id.*

[55] *Id.*

[56] *Id.* at 13.

Louisiana Supreme Court writ proceedings initiated by the State, received notice of the state high court's decision.[57] Furthermore, the Magistrate Judge noted that Petitioner failed to explain how this alleged notification failure of the February 10, 2012 decision impacted his ability to pursue relief from the Louisiana Fifth Circuit Court of Appeal's July 31, 2012 judgement.[58] Petitioner did not dispute that he received notification of the July 31, 2012 judgment affirming his convictions and sentences.[59]

The Magistrate Judge noted that Petitioner was afforded "offender counsel and access to law books" during the thirty day review period following the July 31, 2012 Louisiana Fifth Circuit Court of Appeal judgment.[60] The Magistrate Judge noted that Petitioner failed to elaborate or provide evidence concerning the lack of assistance and materials provided to the restricted housing "on a consistent basis."[61] The Magistrate Judge found nothing in the record to demonstrate Petitioner was prevented from submitting a timely writ application to the Louisiana Supreme Court or a federal habeas application within the one-year time frame.[62] The Magistrate Judge determined that Petitioner merely "misconstrued the law and mistakenly thought he had a longer time frame in which to seek relief," and therefore was not entitled to equitable tolling.[63]

---

[57] State Rec., Vol. IX of X, Louisiana Supreme Court Letter from Clerk of Court to Judge Edwards with Copies Forwarded to Counsel of Record, Feb. 10, 2012.

[58] Rec. Doc. 18 at 13.

[59] State Rec., Vol. VII of X, Louisiana Fifth Circuit Notice of Judgment and Certificate of Mailing for Judgment, July 31, 2012.

[60] Rec. Doc. 18 at 14; Rec. Doc. 13 at 7–8.

[61] Rec. Doc. 18 at 14.

[62] *Id.*

[63] *Id.*; *see* State Rec., Vol. I of X, Memorandum Support of Law and Application for Post-Conviction Relief, Oct. 28, 2013.

## II. Objections

*A*     *Petitioner's Objection*

Petitioner objects to the Magistrate Judge's Report and Recommendation.[64] Petitioner argues that his conviction became final on October 31, 2012, ninety days after the Louisiana Fifth Circuit Court of Appeal affirmed his conviction and sentence on July 31, 2012.[65] He asserts that exhaustion of the remedies available in the State occurred on February 10, 2012, when the Louisiana Supreme Court reversed the Louisiana Fifth Circuit Court of Appeal's decision and remanded the case for consideration of the remaining issues raised on appeal.[66] He asserts that the State's initiation of the February 10, 2012 certiorari review constituted exhaustion to the highest court in Louisiana, rendering the need for him to file a writ of certiorari before the Louisiana Supreme Court redundant.[67] Petitioner argues that because the remedies available to him were exhausted, whether by him or by the State, he should be afforded ninety days to file a writ of certiorari before the United States Supreme Court without first filing a writ application before the Louisiana Supreme Court.[68] Therefore, Petitioner contends that his conviction became final on October 31, 2012, and his federal habeas petition is timely.[69]

Petitioner argues that the State's certiorari filing, which resulted in the Louisiana Supreme Court reinstating his multiple-offender adjudication and sentence, satisfied the requirement that

---

[64] Rec. Doc. 19.

[65] *Id.* at 1.

[66] *Id.* at 2.

[67] *Id.*

[68] *Id.*; s*ee Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003).

[69] Rec. Doc. 19 at 2.

the substance of the litigation be "fully litigated" through the highest state court.[70] Petitioner argues that if a court's consideration of an issue on its own satisfies the exhaustion requirement, then the exhaustion requirement of 28 U.S.C. § 2254 (c) is satisfied when the highest state court addresses petitioner's right to relief on the state certiorari application.[71] Petitioner asserts that the claim regarding his multiple-offender adjudication and sentence was presented to the Louisiana Supreme Court, thereby fully litigating this claim to the highest state court and rendering further litigation in the Louisiana Supreme Court on this issue redundant.[72] Petitioner asserts that where the Louisiana Supreme Court remanded the case for consideration of pretermitted issues, "it can reasonably be implied that the high court did not intend to consider the multiple offender issue after the Fifth Circuit issue[d] its post-remand ruling."[73]

**B.**     ***State's Opposition***

Despite receiving electronic notice of the filing, the State of Louisiana did not file a brief in opposition to Petitioner's objection.

### III. Standard of Review

In accordance with Local Rule 73.2, this case was referred to the Magistrate Judge to provide a Report and Recommendation. A District Judge "may accept, reject, or modify the recommended disposition" of a Magistrate judge on a dispositive matter.[74] The District Judge must "determine *de novo* any part of the [Report and Recommendation] that has been properly objected

---

[70] *Id*. at 3.

[71] *Id*. (citing *Jones v. Dretke*, 375 F.3d, 352, 355 (5th Cir. 2004)).

[72] *Id*.

[73] Rec. Doc. 19 at 3–4.

[74] Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).

to."[75] A District Court's review is limited to plain error of parts of the report which are not properly objected to.[76]

## IV. Law and Analysis

### A.    *AEDPA Statute of Limitations*

The AEDPA establishes a one-year statute of limitations for the filing of habeas corpus applications, which shall run from the latest of:[77]

> A. the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> B. the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
> C. the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> D. the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.[78]

The Magistrate Judge applied the limitation period established by Subsection A. Petitioner does not object to this determination or argue that any other subsection should apply. Therefore, reviewing for plain error, and finding none, the Court adopts the Magistrate Judge's finding that Petitioner is not entitled to application of other subsections.

---

[75] Fed. R. Civ. P. 72(b)(3).

[76] *See Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending time to file objection from ten to fourteen days).

[77] 28 U.S.C. § 2244(d).

[78] *Id.*

## B.  Timeliness Under Subsection A

The Magistrate Judge found that the conviction became final on August 30, 2012.[79] Petitioner objects to the Magistrate Judge's finding, arguing that the exhaustion requirement of 28 U.S.C. § 2254 (c) was met when the State initiated certiorari review to the Louisiana Supreme Court regarding the June 29, 2011 Louisiana Fifth Circuit Court of Appeal judgement.[80] Petitioner asserts that because the exhaustion requirement was met, he is entitled to a ninety day extension, and therefore his judgment did not become final until October 31, 2012.[81] Accordingly, the Court must review this issue de novo.

Applying Subsection A, the United States Fifth Circuit Court of Appeal has explained:

> When a habeas petitioner has pursued relief on direct appeal through his state's highest court, his conviction becomes final ninety days after the highest court's judgment is entered, upon the expiration of time for filing an application for writ of certiorari with the United States Supreme Court. However, "[i]f the defendant stops the appeal process before that point," . . . "the conviction becomes final when the time for seeking further direct review in the state court expires."
>
> Although federal, not state, law determines when a judgment is final for federal habeas purposes, a necessary part of the finality inquiry is determining whether the petitioner is still able to seek further direct review. As a result, this court looks to state law in determining how long a prisoner has to file a direct appeal. Louisiana Supreme Court Rule X, § 5(a) states that an application "to review a judgment of the court of appeal either after an appeal to the court . . . or after a denial of an application, shall be made within thirty days of the mailing of the notice of the original judgment of the court of appeal."[82]

---

[79] Rec. Doc. 18 at 9.

[80] Rec. Doc. 19 at 2–3; *see* 28 U.S.C. § 2254 (c).

[81] Rec. Doc. 19 at 2–3.

[82] *Butler*, 533 F.3d at 317 (citations omitted).

Here, the Louisiana Fifth Circuit Court of Appeal affirmed Petitioner's convictions and sentences with the exception of his multiple-offender adjudication and sentence, which the appellate court vacated on June 29, 2011.[83] The State sought relief from this ruling before the Louisiana Supreme Court, which reinstated the multiple-offender sentence and remanded to the Louisiana Fifth Circuit Court of Appeal on February 10, 2012.[84] On remand, the Louisiana Fifth Circuit Court of Appeal affirmed Petitioner's convictions and sentences on July 31, 2012.[85] Under Louisiana law, Petitioner then had thirty days to appeal the judgment of the Louisiana Fifth Circuit Court of Appeal before the decision became final.[86] Petitioner did not seek a rehearing nor did he submit a writ application to the Louisiana Supreme Court.[87] Petitioner instead "stop[ped] the appeal process before that point;" therefore, "the conviction [became] final when the time for seeking further direct review in the state court expire[d]."[88] Petitioner's conviction therefore became final on August 30, 2012. Thus, Petitioner had until August 30, 2013 to file for federal habeas review, unless he can establish that he is entitled to tolling.

Petitioner argues that his conviction became final ninety days after the Louisiana Fifth Circuit Court of Appeal affirmed his convictions and sentences.[89] Petitioner contends that because

---

[83] *State v. Brown*, 10-KA-238 (La. App. 5 Cir. 6/29/11); 71 So. 3d 1069; State Rec., Vol. VII of X.

[84] *State v. Brown*, 11-KH-1656 (La. 2/10/11); 82 So. 3d 1232; State Rec., Vol. VII of X.

[85] *State v. Brown*, 10-KA-238 (La. App. 5 Cir. 7/31/12); 99 So. 3d 684; State Rec., Vol. I of X.

[86] Louisiana Supreme Court Rule X, § 5(a).

[87] *Butler*, 533 F.3d at 317 ("Although federal, not state, law determines when a judgment is final for federal habeas purposes, a necessary part of the finality inquiry is determining whether the petitioner is still able to seek further direct review. As a result, this court looks to state law in determining how long a prisoner has to file a direct appeal.").

[88] *Id*. (quoting *Roberts*, 319 F.3d at 694).

[89] Rec. Doc. 19 at 2.

the State sought review of the Louisiana Fifth Circuit Court of Appeal's prior decision vacating his convictions he was relieved of the requirement to appeal to the Louisiana Supreme Court and had ninety days to appeal to the United States Supreme Court.[90] However, this argument is unavailing. The issue presented here is not whether Petitioner's claim was fully exhausted as Petitioner argues, but whether it was filed timely.[91] Petitioner must follow the procedural mechanisms in place to properly appeal his conviction. Accordingly, on de novo review, the Court finds that Petitioner's conviction became final on August 30, 2012, and that he had until August 30, 2013, to file his federal habeas petition unless he can establish entitlement to tolling.

### 1. Statutory Tolling

Petitioner does not object to the Magistrate Judge's finding that Petitioner is not entitled to statutory tolling.[92] The AEDPA provides for statutory tolling during "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."[93]

Petitioner's one-year statute of limitations period began to run on August 30, 2012, when his convictions became final because Petitioner failed to pursue relief in the state's highest court. The limitations period ran without interruption for the full 365 days until its expiration on August 30, 2013. Petitioner filed a state application for post-conviction relief on October 25, 2013, "*after the one-year federal limitations period had already expired, and therefore could not possibly afford*

---

[90] *Id.*

[91] Rec. Doc. 18 at 15.

[92] Rec. Doc. 19.

[93] 28 U.S.C. § 2255(d)(2).

him any tolling benefit."[94] Because no state applications were pending during the one-year period, Petitioner was not entitled to statutory tolling.[95] Accordingly, reviewing for plain error, and finding none, the Court adopts the Magistrate Judge's finding that Petitioner is not entitled to statutory tolling.

### 2. Equitable Tolling

The Magistrate Judge found that the Petitioner is not entitled to equitable tolling.[96] Petitioner does not object to this determination. The United States Supreme Court has held that, in rare circumstances where a petitioner's habeas corpus application would be otherwise untimely, the AEDPA's statute of limitations may be subject to equitable tolling.[97] To establish entitlement to equitable tolling, a petitioner must show: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."[98] A petitioner bears the burden of establishing entitlement to equitable tolling and "must demonstrate rare and exceptional circumstances warranting application of the doctrine."[99] As the Fifth Circuit has recognized, these circumstances exist "only in situations where 'the [petitioner was] actively misled . . . or [was] prevented in some extraordinary way from asserting his rights.'"[100]

---

[94] Rec. Doc. 18 at 11.

[95] *Id*. at 12.

[96] *Id*. at 13.

[97] *Holland*, 560 U.S. at 645.

[98] *Id.* at 649 (internal quotation marks omitted).

[99] *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002).

[100] *Cousin v. Lensing*, 310 F.3d 843, 848 (5th Cir. 2002) (quoting *Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999)).

Here, Petitioner's federal writ application was filed after the one-year limitations period expired.[101] Furthermore, Petitioner has not shown that rare and exceptional circumstances prevented him from filing his petition within the limitations period.[102] Accordingly, reviewing for plain error, and finding none, the Court adopts the Magistrate Judge's finding that Petitioner is not entitled to equitable tolling.

## C.    *Actual Innocence*

The Magistrate Judge did not address the actual innocence exception. However, the United States Supreme Court has established that "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or, as in this case, expiration of the statute of limitations."[103]  The Court cautioned, however, that this exception "applies to a severely confined category: cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner].'"[104] The Court further explained that:

> It is not the district court's independent judgment as to whether reasonable doubt exists that the standard addresses; rather the standard requires the district court to make a probabilistic determination about what reasonable, properly instructed jurors would do. Thus, a petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.[105]

Petitioner does not argue that he is actually innocent of crimes for which he was convicted; therefore, he does not meet the "actual innocence" exception to the AEDPA's statute of limitations.

---

[101] Rec. Doc. 18 at 15.

[102] *Id.* at 12.

[103] *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013).

[104] *Id.* at 1933 (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)).

[105] *Schlup*, 513 U.S. at 329.

Accordingly, on de novo review, the Court finds that the petition is untimely and that it be dismissed with prejudice.

## V. Conclusion

For the foregoing reasons, the Court finds that the petition is time-barred. Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's objections are **OVERRULED**;

**IT IS FURTHER ORDERED** that the Court **ADOPTS** the Report and Recommendation issued by the Magistrate Judge and **DISMISSES** Petitioner's claims **WITH PREJUDICE**.

**NEW ORLEANS, LOUISIANA,** this 30th day of June, 2017.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**